IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-40875-TLS |
| | ) | |
| AFY, INC., | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |
| JOSEPH BADAMI, Chapter 7 Trustee, | ) | ADV. NO. A10-04062-TLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SEARS CATTLE CO., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROLLING STONE LAND & CATTLE, L.L.C., | ) | |
| | ) | |
| Intervenor. | ) | |
| | ) | |
| SEARS CATTLE CO., | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH BADAMI, Chapter 7 Trustee, | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| JOSEPH BADAMI, Chapter 7 Trustee, | ) | ADV. NO. A10-04063-TLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT A. SEARS, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |

ROLLING STONE LAND & CATTLE, LLC,    )
                                                                          )
                                             Intervenor.    )
                                                                          )
ROBERT A. SEARS,                                          )
                                                                          )
                              Counter-Claimant,    )
                                                                          )
          vs.                                                          )
                                                                          )
JOSEPH BADAMI, Chapter 7 Trustee,          )
                                                                          )
                              Counter-Defendant,    )
                                                                          )
ROLLING STONE LAND & CATTLE, L.L.C.,)
                                                                          )
                              Cross-Claimant,    )
                                                                          )
          vs.                                                          )
                                                                          )
ROBERT A. SEARS,                                          )
                                                                          )
                              Cross-Defendant.    )

## ORDER

A pretrial conference was held in these cases on January 5, 2011. James A. Overcash appeared on behalf of the Plaintiff, Joseph Badami, the Chapter 7 trustee; Jerrold L. Strasheim appeared for the Defendants, Sears Cattle Co. and Robert A. Sears; and Russell A. Westerhold appeared for the Intervenor, Rolling Stone Land & Cattle, L.L.C.

At the pretrial conference, it was brought to the court's attention that Sears Cattle Co., the defendant in Case No. A10-4062, had filed a jury demand along with its answer and counterclaim. In Case No. A10-4063, Defendant Robert Sears did not file a jury demand, but has requested that proceedings in his case be held in abeyance until the jury trial in Case No. A10-4062 has been held. The court asked both sides to brief the jury trial issue, and they have now done so.

In *Langenkamp v. Culp*, 498 U.S. 42 (1990), the United States Supreme Court stated that "'a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate.'" *Id.* at 45 (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58 (1989)). The Supreme Court determined that creditors who filed claims against a bankruptcy estate brought themselves within the equitable jurisdiction of the bankruptcy

court and were not entitled to a jury trial. *Id.*[1] As recognized by the Eighth Circuit Court of Appeals, where the adversary "action arose 'as part of the process of allowance and disallowance of claims, it is triable in equity,' and, of course, the Seventh Amendment right to a jury trial would not be applicable." *Smith v. Dowden,* 47 F.3d 940, 942 (8th Cir. 1995) (quoting *Katchen v. Landy,* 382 U.S. 323, 336 (1966)).

A review of the claims register in the underlying bankruptcy case of AFY, Inc. reveals that Sears Cattle Co. has not filed a proof of claim. However, Sears Cattle Co. did file a counterclaim in this adversary proceeding. In its counterclaim, Sears Cattle Co. asserts that the trustee has collected proceeds from the sale of Sears Cattle Co.'s real and personal property and has been paying those proceeds to others. The counterclaim asserts that the trustee has willfully converted, wrongfully misappropriated, and wrongfully diverted the proceeds. The counterclaim further seeks an accounting of such proceeds and damages. Many courts have determined that a counterclaim against a bankruptcy estate "is akin to the filing of a claim, and does act as a waiver as to the right to a jury trial." *Leshin v. Welt (In re Warmus)* 276 B.R. 688, 693 (S.D. Fla. 2002) (citing *In re Peachtree Lane Assoc., Ltd.*, 150 F.3d 788, 798-99 (7th Cir. 1998); *In re S. Textile Knitters, Inc.*, 236 B.R. 207, 211 (Bankr. D.S.C. 1999) (and numerous cases cited therein)).

Thus, by filing a counterclaim seeking damages from the bankruptcy estate, Sears Cattle Co. has waived any right to a jury trial that it may have had.

IT IS, THEREFORE, ORDERED that the jury demand in Case No. A10-4062 is hereby stricken, and Case Nos. A10-4062 and A10-4063 shall be consolidated for trial to the bankruptcy court on a date to be set by the clerk.

DATED:  January 18, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
        James A. Overcash/Joseph H. Badami
        *Jerrold L. Strasheim
        Russell A. Westerhold
        United States Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[1]An extensive discussion of the Seventh Amendment right to a jury trial in bankruptcy adversary proceedings would not be beneficial here in light of the extensive analysis by the Supreme Court in *Granfinanciera* and its holding in *Langenkamp.*