IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AFY, INC., | ) | |
| | ) | CASE NO. BK10-40875-TLS |
| Debtor(s). | ) | A10-4062-TLS |
| JOSEPH H. BADAMI, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| SEARS CATTLE CO., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER
REPORT and RECOMMENDATION

This matter is before the court on the defendant's motion for relief from judgment (Fil. No. 54) and a resistance by the trustee (Fil. No. 55). Jerrold Strasheim represents the defendant and James Overcash represents the plaintiff-trustee.

The defendant has moved to amend or set aside the judgment entered in this case on July 6, 2011, granting the trustee's claim for collection of an account receivable in the amount of $291,937.00 owed by the defendant to the debtor. The stated basis for the motion is the court's lack of constitutional authority to enter such a judgment in light of the recent United States Supreme Court decision of *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

The first cause of action in the trustee's complaint sought the recovery of $291,937.00 that was listed as an account receivable from the defendant on the debtor's bankruptcy schedules. There is common ownership between the debtor and the defendant. The matter was tried on June 21, 2011, in North Platte, Nebraska.[1] The court received testimony that the defendant had borrowed that amount of money from the debtor as part of a stock redemption involving prior owners of the defendant. The scheduled debt was the amount owed as of the petition date of March 25, 2010. The co-owner of the defendant, who also signed the bankruptcy schedules as president of the debtor, testified but did not mention or dispute the receivable. Because no evidence was presented to contradict the amount of the debt, the court entered judgment for the trustee.

---

[1] The defendant had filed a jury demand, but after considering the parties' oral and written arguments, the court struck the demand and set the matter for a bench trial with some related matters.

The defendant has now filed a motion to amend the judgment under Federal Rule of Bankruptcy Procedure 9023[2] or for relief from the judgment under Federal Rule of Bankruptcy Procedure 9024,[3] asking the court to dismiss the first cause of action.

---

[2]Rule 9023. New Trials; Amendment of Judgments

Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

Rule 59. New Trial; Altering or Amending a Judgment
(a) IN GENERAL.
  (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows:
    (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or
    (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
  (2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.
. . .
(d) NEW TRIAL ON THE COURT'S INITIATIVE OR FOR REASONS NOT IN THE MOTION. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.
. . .

[3]Rule 9024 incorporates Federal Rule of Civil Procedure 60.

Rule 60. Relief from a Judgment or Order
. . .
(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
  (1) mistake, inadvertence, surprise, or excusable neglect;
  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(continued...)

As a threshold matter, the timeliness of the defendant's motion should be addressed. The *Stern* decision was issued on June 23, 2011. The judgment at issue was entered on July 6, 2011. The defendant's motion for relief from judgment was filed on July 12, 2011. The time for filing a Rule 9023 motion expired on July 20, 2011, so the defendant's motion was timely. The motion also tolls the running of the appeal time. Fed. R. Bankr. P. 8002(b)(2).

Rule 60(c) simply requires the motion to be brought within a "reasonable" time, with reasonableness being dependent upon the particular facts of the case. *Needler v. Internal Revenue Serv. (In re Burival)*, 449 B.R. 371, 379 (B.A.P. 8th Cir. 2011); *Finch v. Coop (In re Finch)*, 378 B.R. 241, 247 (B.A.P. 8th Cir. 2007). "A reasonable time is before irrevocable acts have occurred. It is before other persons can be injured by the debtor's inaction. A reasonable time is a time by which this court can still undo that which was done." *In re Johnson*, 13 B.R. 342, 348 (Bankr. D. Minn. 1981). Here, there is no indication irrevocable acts have occurred, or that the judgment cannot be undone. Accordingly, I find the motion was brought within a reasonable time under Rule 9024.

As to the merits of the motion, the defendant did not elaborate, stating only that *Stern* deprives this court of subject matter jurisdiction to enter judgment on the first cause of action. Presumably, the defendant is arguing that relief is necessary and appropriate because *Stern* represents a change in the applicable law. Generally, a change in the law is not, in and of itself, an extraordinary circumstance that would justify relief from a judgment. *Kansas Pub. Emp. Ret. Sys. v. Reimer & Koger Assoc., Inc.*, 194 F.3d 922, 925 (8th Cir. 1999). However, a decision by the

---

³(...continued)
      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
      (4) the judgment is void;
      (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
      (6) any other reason that justifies relief.
(c) TIMING AND EFFECT OF THE MOTION.
      (1) Timing. A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
      (2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.
(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:
      (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
      (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
      (3) set aside a judgment for fraud on the court.

United States Supreme Court may provide the extraordinary circumstance for granting a Rule 60(b)(6) motion. *Ben Hur Constr. Co. v. Goodwin*, 116 F.R.D. 281, 284 (E.D. Mo. 1987).

The *Stern* decision circumscribes the ability of non-Article III judges to enter final judgments on certain types of claims, limiting the bankruptcy court's constitutional authority to do so to core proceedings stemming from the bankruptcy itself and actions that "would necessarily be resolved in the claims allowance process." 131 S. Ct. at 2618. The cause of action at issue here fits into neither category.

The defendant did file a proof of claim in the debtor's bankruptcy case, characterizing it as a contingent claim for an unknown amount of at least $323,208.23. The proof of claim is premised on the allocation of proceeds of the sale of certain real property co-owned by the debtor and the defendant. It is unlikely the defendant could invoke the right of setoff under 11 U.S.C. § 553 because these are not mutual debts, so the trustee's cause of action would not be resolved in the claims allowance process.

In his complaint, the trustee asserted, without reference to specific authority, that this action is a core proceeding. The defendant argues it is non-core. The trustee characterizes this cause of action as one to force the turnover of property belonging to the bankruptcy estate under 11 U.S.C. § 542(b).[4] Section 542(b) refers to the collection of debts that are "matured, payable on demand, or payable on order." The debt the trustee is attempting to collect is undisputed and presumably is matured and payable on demand. While it falls within the scope of § 542(b), it nevertheless is simply a collection action. It is a claim that would not be before the bankruptcy court but for the fact that the debtor filed a bankruptcy petition. As a collection action, it could, and normally would, be adjudicated outside of bankruptcy.

Because this action does not arise under Title 11 or arise in the bankruptcy case itself, nor would it be resolved in the claims allowance process, it is not a core proceeding within the constitutional authority of the bankruptcy court to enter judgment. Instead, the case should be

---

[4]§ 542. Turnover of property to the estate

    (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

    (b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

. . .

transferred to the United States District Court for the District of Nebraska for entry of final judgment.

Accordingly, I will grant the defendant's motion for relief from the judgment, vacate the portion of the judgment concerning the trustee's first cause of action, and recommend to the district court that it withdraw the reference of the case to treat this court's order of July 6, 2011 (Fil. No. 50) as proposed findings of fact and conclusions of law on which the district court may enter final judgment.

IT IS ORDERED: The defendant's motion for relief from judgment (Fil. No. 54) is granted. The portion of the July 6, 2011, judgment (Fil. No. 51) entered on the plaintiff's first cause of action is hereby vacated.

I RESPECTFULLY RECOMMEND to the United States District Court for the District of Nebraska that it withdraw the reference of this adversary proceeding to enter final judgment on the plaintiff's first cause of action. In that regard, I respectfully recommend that the district court consider my order of July 6, 2011 (Fil. No. 50) as proposed findings of fact and conclusions of law to be adopted in entering judgment for the plaintiff.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED: August 18, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Jerrold L. Strasheim
    James Overcash
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.